UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>DEAMON HAMMONS,<br>    Defendant. | Case No. 1:24-cr-101<br><br>Litkovitz, M.J.<br><br><br>**UNDER SEAL** |

**ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL**

This criminal case is before the Court for a determination as to defendant Deamon Hammons' competency to stand trial. The Court previously ordered a competency evaluation at defense counsel's request. (Doc. 14). The Court referred defendant for a competency examination to be conducted at an appropriate Bureau of Prisons medical facility. (*Id.* at 3). The Court further ordered the preparation of an examination report pursuant to 18 U.S.C. § 4241(b). (*Id.*).

Pursuant to this Court's order, defendant was committed to the Federal Correctional Institution, Butner, North Carolina, where Forensic Psychologist Heather H. Ross, Ph.D., conducted defendant's competency evaluation and subsequently prepared a thorough forensic competency report. (Doc. 22). The Court, as well as counsel for the government and for defendant Hammons, have received and reviewed the report, which has been filed on the docket under seal. (*Id.*). Neither counsel for the government nor defendant have contested the findings of the competency evaluation.

Defendant Hammons was diagnosed with antisocial personality disorder, malingering, opioid use disorder, cocaine use disorder, and (Rule out) posttraumatic stress disorder. (*Id.* at 11). The competency report indicates that defendant engaged in malingering of various

symptoms throughout the evaluation period. (*Id.* at 11). His presentation during the evaluation was inconsistent with observations by others (his parole officer, law enforcement, his defense attorney, and during monitored telephone calls), and testing results were strongly indicative of malingered psychotic symptoms. Dr. Ross stated, "Mr. Hammons appears motivated to be found not competent, possibly to evade prosecution, and thus, he attempted to portray himself as suffering from severe memory impairment that he is not actually experiencing." (*Id*. at 14). Dr. Ross concluded that defendant "Hammons is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense" and "is competent to stand trial." (*Id.*).

Based on the information available, there is no objective evidence to indicate that defendant Hammons suffers from signs or symptoms of a major mental disorder, such as an affective disorder (e.g., Bipolar Disorder), psychotic disorder (e.g., Schizophrenia), or an organic disorder that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense. *See* 18 U.S.C. § 4241(a).

Having thoroughly reviewed the competency report, and given no objections to the competency evaluation, the Court finds that defendant Deamon Hammons is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court finds defendant Deamon Hammons is presently

**COMPETENT** to stand trial.

    **IT IS SO ORDERED.**

*Karen L. Litkovitz*
**HON. KAREN L. LITKOVITZ**
**UNITED STATES MAGISTRATE JUDGE**